﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 200511-84223
DATE: August 31, 2020

ORDER

A compensable rating for left knee limitation of flexion is denied.

A rating in excess of 30 percent for left knee limitation of extension is denied.

A rating in excess of 10 percent for acneform lesions of the trunk and shoulder is denied.

FINDINGS OF FACT

1. The Veteran’s left knee disability is not productive of ankylosis; slight recurrent subluxation or lateral instability; dislocated or removed symptomatic semilunar cartilage; flexion functionally limited to 45 degrees or less; extension functionally limited to 30 degrees or more; an impairment of the tibia and fibula; or genu recurvatum.

2. The Veteran’s acneform lesions of the trunk and shoulder (skin disorder) does not involve 20 to 40 percent of the entire body or 20 to 40 percent of exposed areas; systemic therapy for a total duration of six weeks or more during a 12-month period has not been required; does not result in scars associated with underlying soft tissue damage; does not result in scars that are unstable or painful; and does not result in any disabling effects.

CONCLUSIONS OF LAW

1. The criteria for a schedular compensable rating for left knee limitation of flexion have not been met. 38 U.S.C. § 1155; 38 C.F.R. § 4.71a, Diagnostic Codes 5256-63.

2. The criteria for a schedular rating in excess of 30 percent for left knee limitation of extension have not been met. 38 U.S.C. § 1155; 38 C.F.R. § 4.71a, Diagnostic Codes 5256-63.

3. The criteria for a rating in excess of 10 percent for a skin disorder have not been met. 38 U.S.C. § 1155; 38 C.F.R. § 4.118, Diagnostic Codes 7801, 7804-06.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from July 1966 to April 1970 and June 1970 to December 1976. The Veteran was awarded the Combat Action Ribbon.

The record reflects that a rating decision was issued in April 2020 as to the issues listed on the title page of this action. The Veteran timely appealed this rating decision to the Board and requested direct review by a Veterans Law Judge on May 11, 2020.

This case has been advanced on the Board's docket.

Increased Rating

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the appellant working or seeking work. 38 C.F.R. § 4.2. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7. 

Left Knee Disability

The Veteran filed an increased rating claim for his left knee disability on September 4, 2019. An October 2019 rating decision granted an increased rating of 30 percent for left knee limitation of extension effective September 4, 2019, the day his increased rating claim was received by VA. The October 2019 rating decision also granted service connection for left knee limitation of flexion and assigned an initial noncompensable rating effective September 4, 2019. An April 2020 rating decision denied a compensable rating for his left knee limitation of flexion and a rating in excess of 30 percent for his left knee limitation of extension. He asserts that he is entitled to higher ratings.

Diagnostic Code 5260 evaluates limitation of knee flexion. A noncompensable rating is assigned for extension limited to 60 degrees. A 10 percent rating is assigned for flexion limited to 45 degrees. A 20 percent rating is assigned for flexion limited to 30 degrees. A 30 percent rating is assigned for flexion limited to 15 degrees.

Diagnostic Code 5261 evaluates limitation of knee extension. A 30 percent rating is assigned for extension limited to 20 degrees. A 40 percent rating is assigned for extension limited to 30 degrees. A 50 percent rating is assigned for extension limited to 45 degrees.

Of note, separate compensable ratings may be assigned for limitation of flexion and for limitation of extension, without violating the rule against pyramiding. See 38 C.F.R. § 4.14.

Diagnostic Code 5256 evaluates ankylosis of the knee, Diagnostic Code evaluates recurrent subluxation or lateral instability, Diagnostic Codes 5258 and 5259 evaluate impairments of the semilunar cartilage, Diagnostic Code 5262 evaluates impairment of the tibia and fibula, and Diagnostic Code 5263 evaluates genu recurvatum. The medical record does not document any of these conditions. Therefore, these Diagnostic Codes are not applicable and will not be discussed further.

Normal ranges of motion of the knee are to 0 degrees in extension, and to 140 degrees in flexion. 38 C.F.R. § 4.71, Plate II.

The Veteran’s medical records show treatment for his left knee symptoms, but his medical records do not show findings consistent with higher ratings.

In October 2019, the Veteran was afforded a VA examination. He reported having constant left knee pain. He denied having any flare-ups. He reported having functional loss due to constant pain that required many rest stops. On examination, he demonstrated left knee flexion to 60 degrees and extension to 20 degrees, both with pain. The examiner reported that pain contributed to functional loss as it required him to rest. The examiner reported that there was evidence of pain on weight bearing, non-weight bearing, and passive range of motion. The examiner indicated that there was no objective evidence of localized tenderness or pain on palpation. The examiner indicated that repetitive use testing did not result in any functional loss or additional loss of range of motion. The examiner indicated that pain significantly limited functional ability with repeated use over a period of time and during flare-ups, but did not result in any additional limitation of motion. The examiner indicated that the Veteran’s left knee disability resulted in less movement than normal. The Veteran retained normal 5/5 left knee strength with no muscle atrophy. The examiner indicated that the Veteran did not have ankylosis. The examiner indicated that the Veteran did not have a history of recurrent subluxation or lateral instability. The examiner indicated that the Veteran had no evidence or history of recurrent patellar dislocation, shin splints, stress fracture, chronic exertional compartment syndrome, any other tibial and/or fibular impairment, or meniscal condition.

The Board finds that the criteria to assign a compensable rating for the Veteran’s left knee limitation of flexion is not warranted. The October 2019 VA examiner indicated that the Veteran demonstrated left knee flexion limited to 60 degrees, which exceeds the 45 degree limitation equivalent to a 10 percent rating. Accordingly, the Veteran is not found to meet the criteria for a 10 percent rating under Diagnostic Code 5260, which requires flexion to be limited to 45 degrees or less. 

Turning to limitation of extension, the Board finds that the criteria to assign a rating in excess of 30 percent have not been met. The October 2019 VA examiner indicated that the Veteran had extension limited to 20 degrees, which exceeds the 30 degree limitation equivalent to a 40 percent rating. Accordingly, the Veteran is not found to meet the criteria for a 40 percent rating under Diagnostic Code 5261, which requires extension to be limited to 30 degrees or more.

The Board has considered whether higher disability evaluations are warranted on the basis of functional loss due to pain or due to weakness, fatigability, incoordination, or pain on movement of a joint under 38 C.F.R. §§ 4.40 and 4.45 for either knee. See also DeLuca v. Brown, 8 Vet. App. 202 (1995). Functional loss contemplates the inability of the body to perform the normal working movements of the body with normal excursion, strength, speed, coordination and endurance, and must be manifested by adequate evidence of disabling pathology, especially when it is due to pain. 38 C.F.R. § 4.40. Additionally, painful motion is an important factor of disability; and joints that are actually painful, unstable, or malaligned, due to healed injury, should be entitled to at least the minimum compensable rating for the joint. 38 C.F.R. § 4.59. 

The October 2019 VA examiner indicated that pain during repetitive use and during flare-ups would significantly limit functional ability, but did not result in any additional limitation of motion. The Veteran’s treatment records do not document flexion or extension equivalent to ratings in excess of those assigned. As such, the evidence simply does not support the conclusion that the Veteran’s left knee disability results in findings consistent with higher ratings. Thus, greater ratings for limitation of flexion and extension are not warranted under DeLuca.

While the Veteran has been shown to experience left knee pain, the Court has held that even if range of motion was slightly limited by pain, pain alone is not sufficient to warrant a higher rating, as pain may cause a functional loss, but pain itself does not constitute functional loss. Mitchell v. Shinseki, 25 Vet. App. 32, 36-38 (2011). Rather, pain must affect some aspect of “the normal working movements of the body” such as “excursion, strength, speed, coordination, and endurance,” in order to constitute functional loss. Id. at 43; see 38 C.F.R. § 4.40. Here, the Veteran consistently retained flexion equivalent to a noncompensable rating and extension equivalent to a 30 percent rating. As such, there is no basis for higher ratings under Diagnostic Codes 5260 or 5261. To the extent that it is argued that the Veteran’s range of motion is painful and therefore would merit a separate compensable rating under 38 C.F.R. § 4.59, that provision states that it is the intention to recognize actually painful, unstable, or malaligned joints, due to healed injury, as entitled to at least the minimum compensable rating for the joint. However, here, the Veteran is currently assigned a 30 percent rating under Diagnostic Code 5261 for his left limitation of extension, and a rating in excess of 30 percent based on pain alone is not warranted.

Accordingly, the criteria for a schedular compensable rating for left knee limitation of flexion and a rating in excess of 30 percent for left knee limitation of extension have not been met, and the claims are denied.

Skin Disorder

The Veteran filed an increased rating claim for his skin disorder, which was denied by an April 2020 rating decision. He disagrees with the assigned rating and asserts that he is entitled to a higher rating.

The Veteran’s skin disorder is rated under Diagnostic Code 7806. Under the revised rating criteria, effective August 13, 2018, the Veteran’s skin disorder is rated under Diagnostic Code 7806, which in turn rates the disability under the General Rating Formula for the Skin. Under the General Rating Formula for the Skin, a 10 percent evaluation is warranted for characteristic lesions involving at least 5 percent, but less than 20 percent, of the entire body affected, or at least 5 percent, but less than 20 percent, of exposed areas affected; or intermittent systemic therapy including, but not limited to, corticosteroids, phototherapy, retinoids, biologics, photochemotherapy, psoralen with long-wave ultraviolet-A light (PUVA), or other immunosuppressive drugs required for a total duration of less than 6 weeks over the past 12-month period. A 30 percent evaluation is warranted for characteristic lesions involving 20 to 40 percent of the entire body or 20 to 40 percent of exposed areas affected; or systemic therapy including, but not limited to, corticosteroids, phototherapy, retinoids, biologics, photochemotherapy, PUVA, or other immunosuppressive drugs required for a total duration of 6 weeks or more, but not constantly, over the past 12-month period. A 60 percent evaluation is warranted for characteristic lesions involving more than 40 percent of the entire body or more than 40 percent of exposed areas affected; or constant or near-constant systemic therapy including, but not limited to, corticosteroids, phototherapy, retinoids, biologics, photochemotherapy, PUVA, or other immunosuppressive drugs required over the past 12-month period.

Under the General Rating Formula for the Skin, systemic therapy is treatment that is administered through any route (orally, injection, suppository, intranasally) other than the skin, and topical therapy is treatment that is administered through the skin. 38 C.F.R. § 4.118.

Under Diagnostic Code 7801, scars that are associated with underlying tissue damage are assigned a 10 percent rating for scars other than the head, face, or neck with an area exceeding 6 square inches (39 square centimeters), a 20 percent rating is assigned with an area exceeding 12 square inches (77 square centimeters), a 30 percent rating is assigned for scars with an area exceeding 72 square inches (465 square centimeters), and a 40 percent rating is assigned for scars exceeding 144 square inches (929 square centimeters).

Under Diagnostic Code 7804, a 10 percent rating is assigned for one or two scars that are unstable or painful, a 20 percent rating is assigned for three or four scars that are unstable or painful, and a 30 percent rating is assigned for five or more scars that are unstable or painful.

Under Diagnostic Code 7805, any disabling effects not considered in a rating provided under Diagnostic Codes 7800-04 are evaluated under an appropriate Diagnostic Code.

The Veteran’s treatment records do not describe coverage of his service-connected skin disorder, show that he has required systemic therapy for total duration of six weeks or more during a 12-month period, or show that any scars are unstable, painful, or result in a disabling effect.

In October 2019, the Veteran was afforded a VA examination. He reported that he treated his skin with cream from a pharmacy. The examiner indicated that the Veteran did not have any painful or unstable scars. The examiner reported that the Veteran had multiple small 1 to 2 millimeter healed acne scars on his left shoulder covering an area of approximately 16 by 10 centimeters, on his right shoulder covering an area of approximately 15 by 8 centimeters, and on his back covering an area of approximately 10 by 7 centimeters. The examiner indicated that none of the scars resulted in limitation of function.

In December 2019, the Veteran was afforded a VA examination. The examiner indicated that the Veteran did not have any painful or unstable scars. The examiner reported that the Veteran had scars on his anterior truck covering an area of approximately 0.2 by 0.2 centimeters and on his posterior trunk covering an area of approximately 0.2 by 0.2 centimeters. The examiner indicated that none of the scars resulted in limitation of function. The examiner reported that the Veteran had no active lesions. The examiner indicated that the Veteran used topical medications for a total duration of less than six weeks during the previous 12 months. The examiner indicated that the Veteran did not have any treatments or procedures other than systemic or topical medications during the previous 12 months.

The evidence of record does not establish that the Veteran’s skin disorder affects at least 20 percent of the entire body or exposed area or required systemic therapy for a total of six weeks or more, which is consistent with a 30 percent rating. Both VA examiners indicated that the Veteran used a cream to treat his skin disorder. The December 2019 VA examiner indicated that the Veteran did not use his medication for six weeks or more. Accordingly, a rating in excess of 10 percent rating under Diagnostic Code 7806 is not warranted

The evidence of record also does not show that any resultant scars from the Veteran’s skin disorder are associated with any underlying soft tissue damage, are unstable or painful, or result in any disabling effects. Accordingly, a rating in excess of 10 percent rating under Diagnostic Codes 7801, 7804, or 7805 is not warranted.

Accordingly, the criteria for a schedular rating in excess of 10 percent for a skin disorder have not been met, and the claim is denied.

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Berryman, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.